IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00101-MR-WCM

| | |
|---|---|
| **HOWARD JEROME FOSTER,** ) ) Plaintiff, ) ) vs. ) ) **ASHEVILLE BUNCOMBE** ) **COMMUNITY CHRISTIAN MINISTRY,** ) **ANDREA ARRINGTON, FNU** ) **ALVERAZ, and TIM McELYEA,** ) ) Defendants. ) ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on review of the Plaintiff's Complaint [Doc. 1] and the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

**I.    BACKGROUND**

The Plaintiff brings this action against Defendants Asheville Buncombe Community Christian Ministry (ABCCM); Andrea Arrington, the general manager of ABCCM; and FNU Alveraz and Tim McElyea, directors of

ABCCM. While the Plaintiff does not identify any specific cause of action,[1] he alleges as follows:

> During the course of my employment, I was subjected to hostility, harassment, and discrimination on the basis of my religion by Andrea Arrington, Mr. Alveraz, and Tim McElyea. General Manager, Mr. Arrington was unprofessional with me, eliminated my office while others continued to have one, eliminated several of my job duties, and told employees/clients afterwards to come to me to be managed. On or around October 12, 2022, I was discharged for alleged complaints of harassment by clients.

[Doc. 1 at 4] (errors uncorrected).

For relief, the Plaintiff requests an award of $20,000,000 in damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff, who is proceeding *pro se,* seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County,

---

[1] In drafting his Complaint, the Plaintiff used a complaint form designed to address civil rights violations under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). If the Plaintiff filed an amended complaint, he should use a complaint form designed to address employment discrimination claims. The Court will direct the Clerk to provide a copy of this form to the Plaintiff.

S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## III. DISCUSSION

### A. Application to Proceed with Prepaying Fees or Costs

The Plaintiff seeks to proceed with this civil action without having to prepay the costs associated with prosecuting the matter. [Doc. 2]. The Plaintiff's application, however, fails to provide all of the information that the Court requires to determine whether the Plaintiff has sufficient resources from which to pay the filing fee for this action. Consequently, the Plaintiff's application is denied without prejudice. Should the Plaintiff refile his application, he should use the Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) (AO 239). The Court will direct the Clerk to provide a copy of AO 239 to the Plaintiff.

### B. Section 1915 Review of Complaint

To prove a claim of disparate treatment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., an employee must first allege that the employer treated him differently than other employees because of

his religious beliefs. Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1017 (4th Cir. 1996). In so doing, the plaintiff must assert "a set of facts which would enable the fact-finder to conclude, in the absence of any further explanation, that it is more likely than not that the adverse employment action was the product of discrimination." See Ennis v. National Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995). Here, the Plaintiff alleges only conclusory and speculative allegations of religious discrimination; he fails to allege any plausible set of facts to show that it is more likely than not that he was subjected to adverse employment actions because of his religious beliefs. See Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190-91 (4th Cir. 2010) (dismissing complaint where allegations of race discrimination did "not raise above speculation"). Additionally, the Plaintiff names the general manager and two directors of ABCCM as defendants; however, individuals are immune from suit under Title VII unless they qualify as an "employer" under the statute. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998) (holding that individual supervisors are not liable for violations of Title VII). For all these reasons, the Court concludes that the Complaint fails to state a claim upon which relief can be granted.

When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke,

490 U.S. at 328; White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action without prejudice.

Before dismissing this action, however, the Court will allow the Plaintiff an opportunity to amend his Complaint to correct the deficiencies identified by this Order and to state a plausible claim against the Defendants. The amended complaint must contain all of the Plaintiff's claims and allegations; piecemeal amendment of the Complaint will not be permitted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED WITHOUT PREJUDICE**. The Plaintiff shall have thirty (30) days from the entry of this Order to file a renewed Application, using AO 239 (long form).

**IT IS FURTHER ORDERED** that the Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. **If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.**

The Clerk of Court is respectfully directed to provide an Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) (AO 239) and a Complaint for Employment Discrimination (Pro Se 7) to the Plaintiff along with this Order.

**IT IS SO ORDERED.**

Signed: April 21, 2023

Martin Reidinger
Chief United States District Judge