THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00101-MR-WCM

| | |
|---|---|
| HOWARD JEROME FOSTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ASHEVILLE BUNCOMBE ) <br> COMMUNITY CHRISTIAN MINISTRY, ) <br> ANDRE ARRINGTON, FNU ALVAREZ, ) <br> and TIM McELYEA, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's "Response to Order" [Doc. 6].

The Plaintiff, proceeding *pro se*, filed this action on April 14, 2023, asserting claims of employment discrimination. [Doc. 1]. He also filed an application to proceed without the prepayment of fees and costs. [Doc. 2]. On April 24, 2023, the Court entered an Order denying the Plaintiff's application and directing him to file an amended application on the appropriate form. [Doc. 3]. The Court also gave the Plaintiff thirty (30) days to file an amended complaint and specifically advised that the failure to file

an amended complaint within the time provided would result in the dismissal of this action without prejudice. [Id.].

On May 25, 2023, the Plaintiff filed a motion, asking for an additional sixty (60) days to file both an amended application and amended complaint. [Doc. 4]. For grounds, the Plaintiff states that this additional time is necessary for the Plaintiff "to clear up the documents" and to seek legal representation. [Id.]. The Court entered an Order on May 30, 2023, granting the Plaintiff's motion in part, granting the Plaintiff a 30-day extension of the deadline, until June 23, 2023, to file an amended application and amended complaint.[1] The Plaintiff was specifically warned that "[a]bsent a showing of extraordinary circumstances, no further extensions of this deadline will be allowed." [Doc. 5 at 2].

On June 20, 2023, the Plaintiff filed the present "Response to Order," again seeking an extension of time to file his amended application and amended complaint. The Plaintiff cites his inability to obtain legal counsel

---

[1] The Plaintiff takes issue with the fact that the Court directed the amended application and amended complaint to be filed by June 23, 2023, but that he did not receive this Order until June 4, 2023, which the Plaintiff points out is only a difference of 19 days. [Doc. 6 at 2]. The Plaintiff's original deadline for filing, however, had been May 24, 2023. Thus, a 30-day extension of that deadline was properly calculated to be June 23, 2023.

as extraordinary circumstances warranting yet another extension. [Doc. 6 at 2]. In support of this argument, the Plaintiff attaches a number of emails he has exchanged with a religious liberty advocacy group as well as an email he received in response to his request for representation from one attorney in South Carolina. [Doc. 6-1].

Civil litigants are not guaranteed the right to counsel. While legal representation may certainly be helpful in most civil litigation, litigants are not required to be represented by an attorney. The Plaintiff has filed a number of civil actions in this Court. Thus, the Court is aware that the Plaintiff is capable of completing an application to proceed without the prepayment of costs and of presenting a short and plain statement of his claim(s) in a complaint. The fact that the Plaintiff is currently unable to retain counsel does not constitute an extraordinary circumstance warranting the delay of this action any further. The Court will therefore allow the Plaintiff one **final** extension to file his amended application and amended complaint. Absent a showing of extraordinary circumstances, no further extensions of this deadline will be allowed. The Plaintiff is specifically advised that no further

3

extensions of this deadline will be permitted based on the Plaintiff's inability to retain counsel.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Response to Order" [Doc. 6], is **GRANTED** to the extent that the Plaintiff shall have thirty (30) days from the entry of this Order within which to file a renewed Application, using AO 239 (long form), and an amended complaint in accordance with the terms of the Court's prior Order [Doc. 3]. If the Plaintiff fails to file an amended application or to amend the Complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff. Absent a showing of extraordinary circumstances, no further extensions of this deadline will be allowed. The Plaintiff is specifically advised that no further extensions of this deadline will be permitted based on the Plaintiff's inability to retain counsel.

**IT IS SO ORDERED.**

Signed: July 3, 2023

Martin Reidinger
Chief United States District Judge